Matter of Howell v New York City Dept. of Bldgs. (2021 NY Slip Op 00371)





Matter of Howell v New York City Dept. of Bldgs.


2021 NY Slip Op 00371


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Index No. 100162/19 Appeal No. 12940 Case No. 2020-03328 

[*1]In the Matter of Everton Howell, Petitioner,
v
New York City Department of Buildings, Respondent. 


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.



Determination of respondent, dated October 12, 2018, which adopted the Administrative Law Judge's recommendations, after a hearing, and revoked petitioner's Master Fire Suppression Piping Contractor's license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan A. Madden, J.], entered November 12, 2019), dismissed, without costs.
Substantial evidence supports the findings that petitioner failed to cooperate with respondent's investigation and failed to maintain and report his place of business, demonstrating negligence, incompetence, lack of knowledge and disregard of the relevant laws (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; Administrative Code of City of NY § 28-401.19[6], [7]). The record shows that petitioner failed to testify at the hearing and offered no excuse or mitigating factors.
Under the circumstances, the penalty of license revocation does not shock our sense of fairness (see Matter of Harvey v New York City Dept. of Bldgs., 180 AD3d 434 [1st Dept 2020]; see also Matter of Unity Home Care Agency, Inc. v New York State Dept. of Health, 171 AD3d 419 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021